UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

FERNANDO FONTANEZ,

    *Plaintiff*,

v.

PETER ANDREW WISNER, *et al.*,

    *Defendants*.

Civil Action No. 1:25-cv-02450 (UNA)

## MEMORANDUM OPINION

This matter is before the Court on its initial review of Plaintiff's *pro se* Complaint ("Compl."), ECF No. 1, and his Application for Leave to Proceed *in forma pauperis*, ECF No. 2. The Court grants the *in forma pauperis* application, and as explained in more detail below, dismisses this case without prejudice.

Plaintiff, a resident of the District, sues the Executive Director for the United States of America at the World Bank and the Director of the United States Office of Management and Budget. Compl. at 1. The Complaint is difficult to follow, totaling 393 pages, consisting largely of unexplained exhibits, ECF Nos. 1-2 through 1-12, contravening D.C. LCvR 5.1(e), (g). The allegations are comprised of rambling concerns and recommendations regarding the national deficit. *See* Compl. at 1–4. As best understood, Plaintiff alleges that Defendants have violated numerous statutes, *see id.*, "by ignoring this Plaintiff's work that [could] end [the] deficit," *id.* at 2, and he challenges the government's existing financial policies to reduce or eliminate debt, *see id.* at 2–3. The pleading then devolves into random references about, *inter alia*, Wall Street, the federal workforce, insurrection and rebellions, nuclear attacks, unions, automobile manufacturers,

1

and the oil industry. *See id.* at 3–4. Plaintiff demands a meeting with Defendants to present his plan for "generating trillions/quadrillion[s] annual[ly] to the U.S. Treasury." *See id.* at 4.

First, *pro se* litigants must comply with the Rules of Civil Procedure, *see Atchison v. U.S. Dist. Cts.*, 190 F. Supp. 3d 78, 87 (D.D.C. 2016), and here, the Complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires a pleading to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009); *Ciralsky v. CIA*, 355 F.3d 661, 668–71 (D.C. Cir. 2004). The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies. *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977). Here, Plaintiff's Complaint is neither short nor plain, *see* Fed. R. Civ. P. 8(a), the allegations cannot be described as simple, concise, and direct, *see id.* R. 8(d)(1), and the paragraphs are not limited to a single set of circumstances, *see id.* R. 10(b).

When, as here, a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments," it does not fulfill the requirements of Rule 8. *Jiggetts v. District of Columbia*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. District of Columbia*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017). And "[a] confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8." *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted). The instant Complaint falls squarely in this category.

Second, under Article III of the Constitution, federal courts "may only adjudicate actual, ongoing controversies," *Honig v. Doe*, 484 U.S. 305, 317 (1988), of which "the core component of standing is an essential and unchanging part," *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 560 (1992).  To satisfy the standing requirement, a plaintiff must establish at a minimum (1) that he has "suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical[;]" (2) that "a causal connection" exists "between the injury and the conduct complained of . . . and [is] not the result of the independent action of some third party not before the court[;]" and (3) that the injury will "likely" be redressed by a favorable decision.  *Id.* at 560–61 (alterations, citations, and internal quotation marks omitted).  "[A] defect of standing is a defect in subject matter jurisdiction." *Haase v. Sessions*, 835 F.2d 902, 906 (D.C. Cir. 1987).

Here, Plaintiff does not allege an injury that is particularized to himself.  He complains that the federal government has at best neglected, and at worst intentionally perpetuated, the national deficit, and he contends that he has better ideas.  But "a plaintiff raising only a generally available grievance about government—claiming only harm to his and every citizen's interest in proper application of the Constitution and laws, and seeking relief that no more directly and tangibly benefits him than it does the public at large—does not state an Article III case or controversy." *Lujan*, 504 U.S. at 573–74; *see also Warth v. Seldin*, 422 U.S. 490, 499 (1975) (explaining that where "the asserted harm is a 'generalized grievance' shared in substantially equal measure by . . . a large class of citizens, that harm alone normally does not warrant exercise of jurisdiction" (citation omitted)).  Where, as here, a "[p]laintiff's stake is no greater and his status no more differentiated than that of millions of other voters[,] . . . [his] harm is too vague and its effects too attenuated to confer standing on any and all voters." *Berg v. Obama*, 574 F. Supp. 2d

3

509, 519 (E.D. Pa. 2008), *aff'd*, 586 F.3d 234 (3rd Cir. 2009).  And Plaintiff cites to no authority to establish that Defendants are somehow obligated to meet with him or to otherwise entertain his proposals.

For all these reasons, this case is dismissed without prejudice for lack of subject matter jurisdiction and for failure to meet the minimal pleading standard.  Plaintiff's Motion to Appoint Counsel, ECF No. 3, Motion for CM/ECF Password, ECF No. 4, and Motion to Expedite, ECF No. 6, are all denied as moot.  A separate Order accompanies this Memorandum Opinion.

Date:  October 21, 2025

_____
CARL J. NICHOLS
United States District Judge